UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BATON ROUGE MASTER BARBERS D/B/A BRENT L. SIMS<br>Plaintiff | * * * * | CIVIL ACTION NO. |
| VERSUS | * * | JUDGE: |
| AMERICAN FIRE AND CASUALTY COMPANY AND LIBERTY MUTUAL INSURANCE COMPANY<br>Defendant | * * * * | MAGISTRATE: |

**AMERICAN FIRE AND CASUALTY COMPANY AND LIBERTY MUTUAL
INSURANCE COMPANY'S
NOTICE OF REMOVAL**

American Fire and Casualty Company ("American Fire") and Liberty Mutual Insurance Company ("Liberty Mutual") (collectively, "Defendants") respectfully submit this Notice of Removal. In support thereof American Fire and Liberty Mutual state as follows:

**INTRODUCTION**

1. On February 2, 2023, Petitioner, Baton Rouge Master Barbers d/b/a Brent L. Sims, filed its Petition for Damages and Demand for Jury Trial ("Petition") in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. *See* State Court record, attached as Exhibit A, *in globo*.

2. At all times relevant hereto, Petitioner owned the property located at 6120 Renoir Avenue, Baton Rouge, Louisiana 70806 (the "Property"). Petition at ¶ 6.

3. The Petition asserts that, on August 29, 2021, Hurricane Ida caused significant damages to Plaintiff's property. Petition at ¶ 8.

4. The Petition further asserts that, on or around March 30, 2022, a large wind and hailstorm caused new and worsening damages to the Property. Petitioner at ¶ 13.

5. Petitioner alleges that on or about December 4, 2022, it contracted with Exact Building Consultants ("EBC") to inspect the property and create an estimate of damages. Petition at ¶ 18. EBC has estimated the damages to the Property totaling $113,376.36. Petition at ¶ 19.

6. Petitioner alleges that Defendants issued a policy of insurance that provides coverage for the alleged property damage with policy limits of $241,769.00 for damages to the building, and $29,603.00 for damages to personal property. Petition at ¶ 7.

7. The Petition names American Fire and Liberty Mutual, non-Louisiana citizens, as Defendants. Petition at ¶¶ 2-3.

8. American Fire – not Liberty Mutual – issued commercial property policy no. BZA 57163724 to Petitioner. American Fire – not Liberty Mutual – is the property defendant. *See* Exhibit B (Policy).

9. Petitioner is a limited liability company whose only member is a resident of the Parish of East Baton Rouge. Petition at ¶ 1.

10. This action was filed in the 19th Judicial District Court for East Baton Rouge, State of Louisiana, captioned *Baton Rouge Master Barbers d/b/a Brent L. Sims v. American Fire and Casualty Company and Liberty Mutual Insurance Company*, Number C-728391 "30."

11. This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441 because there exists complete diversity of citizenship and the amount-in-controversy for Petitioner's claim, as demonstrated by the face of the Petition, exceeds the sum of $75,000, exclusive of interests and costs.

12. The 19thth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is a state court within the Middle District of Louisiana.

13. American Fire and Liberty Mutual have attached all pleadings filed in the record of the state court proceeding. *See* Exhibit A, *in globo*.

## REMOVAL IS TIMELY

14. This notice of removal is timely filed under 28 U.S.C. § 1446(b). The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> . . .
> [If] the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

15. On February 8, 2023, American Fire was served with the Petition, which alleges compensatory damages in addition to bad faith penalties and attorneys' fees pursuant to Louisiana Revised Statutes 22:1892 and 22:1973. *See* Exhibit A.

16. The Petition explicitly states that Petitioner's adjuster, Exact Building Consultants, inspected Petitioner's property and prepared an estimate of $113,376.36 for damages to the building. Petition at ¶¶ 18-19.

17. This removal is being filed within thirty (30) days of service of the Petition on American Fire. 28 U.S.C. § 1446.

18. Petitioner filed the Petition on February 1, 2023, so the original Notice of Removal is being filed within one year of commencement of the action. *See* Exhibit A.

## DIVERSITY JURISDICTION

19. The Court has original diversity jurisdiction over Plaintiffs' claims because the parties are completely diverse and because Petitioner seek damages in excess of $75,000, as demonstrated

by the Petition's allegation that Petitioner's adjuster documented damages totaling $113,376.36.

### *The Parties Are Completely Diverse*

20. Petitioner is a limited liability company whose only member, Brent Sims, is a resident of the Parish of East Baton Rouge. Petition at ¶ 1.

21. On information and belief, Petitioner's sole member is domiciled in Louisiana and is therefore considered a citizen of Louisiana for purposes of diversity jurisdiction. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)

22. The citizenship of a LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Because Petitioner's sole member is a citizen of Louisiana, Petitioner is, likewise, considered a citizen of Louisiana for purposes of diversity jurisdiction.

23. American Fire – the proper defendant in this action – is a nongovernmental corporation organized and existing under the laws of the State of New Hampshire with its principal place of business at 175 Berkley Street, Boston, Massachusetts. *See* American Fire's Louisiana Department of Insurance Profile, attached as Exhibit C.

24. For the purposes of 28. U.S.C. § 1332, a corporation is a citizen of every state where it is incorporated and the state where it has a principal place of business. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). Accordingly, American Fire is a citizen of both New Hampshire and Massachusetts for purposes of diversity jurisdiction.

25. Liberty Mutual is also a nongovernmental corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business at 175 Berkeley Street,

4

Boston, Massachusetts. *See* Liberty Mutual's Louisiana Department of Insurance Profile, attached as Exhibit D.

26. Accordingly, Liberty Mutual is a citizen of Massachusetts for purposes of diversity jurisdiction. *See Getty Oil Corp.,* 841 F.2d at 1259 (5th Cir. 1988).

27. On information and belief, Petitioner is not a citizen of New Hampshire, and/or Massachusetts.

### *The Amount in Controversy Exceeds $75,000*

28. Defendant, as the removing party, "must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The removing party can meet this burden by demonstrating that it is facially apparent from the petition that the claims likely are above $75,000, or, where it is not facially apparent, by setting forth facts in controversy that support such finding. *Id.* at 1253-54.

29. Here, the Petition specifically asserts that Petitioner's adjuster, Exact Building Consultants, documented property damages totaling $113,376.36. Petition at ¶ 19.

30. American Fire has not paid Petitioner any amount under the Policy's coverages for the alleged damages. Petition at ¶¶ 10, 15.

31. The policy limits are $241,769.00 for damages to the building, and $29,603.00 for damages to personal property. *See* Exhibit B. The deductible is $1,000. *See id*.

32. Accordingly, there is at least $112,376.36 ($113,376.36 less the $1,000 policy deductible) in dispute based on allegations in the Petition. This amount exceeds $75,000 and establishes that the amount-in-controversy requirement of diversity jurisdiction is met.

33. Petitioner's allegation that their property damages amount to $113,376.36 establishes that it is facially apparently from the Petition that the amount-in-controversy exceeds $75,000. Petition at ¶19.

34. Penalties and attorneys' fees are included in determining the amount in controversy for purposes of diversity jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); *Kent Materials, LLC v. Dirt Works, Inc.*, No. CV 16-194-SDD-EWD, 2016 WL 4650073, at *5 (M.D. La. Aug. 11, 2016) (quoting *Quebe v. Ford Motor Co.*, 908 F. Supp. 446, 449 (W.D. Tex. 1995) (citations omitted)) ("However, when attorneys' fees are provided by contract or a statute mandates or allows payment of such fees, attorneys' fees are considered part of the amount in controversy for jurisdictional purposes.")

35. Thus, when Petitioner's claims for bad faith penalties, damages, and fees under La. R.S. 22:1892 and La. R.S. 22:1973 are taken into account, as they must be, the amount in controversy swells significantly above $112,376.36.

## CONCLUSION

36. In sum, there exists complete diversity of citizenship between Petitioners and American Fire and Liberty Mutual, and the Petition evidences that the amount-in-controversy exceeds $75,000. These facts confer upon this Court original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Accordingly, American Fire and Liberty Mutual respectfully request that this Court assume full jurisdiction over this cause as provided by law.

Respectfully submitted,

 */s/ Patrick J. Lorio*
H. Minor Pipes, III, 24603
Patrick J. Lorio, 38328
Joshua R. Yeager, 40111
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile: (504) 322-7520
mpipes@pipesmiles.com
plorio@pipesmiles.com
jyeager@pipesmiles.com

*Attorneys for Defendant American Fire and Casualty Company and Liberty Mutual Insurance Company*